**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT J. HOPKINS, | No. 25-5905 |
| Plaintiff - Appellant, | D.C. No. 5:23-cv-02347-SSS-SP |
| v. | |
| ELSA F. CALLAHAN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted July 31, 2026**

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Robert J. Hopkins appeals pro se the district court's orders granting

summary judgment in favor of Elsa F. Callahan and denying Hopkins's motion for

reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's summary judgment ruling de novo, *Desire, LLC*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021), along with the district court's ruling on the statute of limitations, *see Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 (9th Cir. 2022). We review the denial of a motion for reconsideration for abuse of discretion. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

1.	The district court properly entered summary judgment in favor of Callahan because all of Hopkins's claims are time-barred. Hopkins's breach of fiduciary duty claims are not timely because the undisputed facts demonstrate that he knew or reasonably should have discovered the factual bases for his claims more than three years prior to filing his complaint on November 16, 2023. *See* Cal. Prob. Code § 16460(a) (setting forth a three-year limitations period for breach of fiduciary duty claims against a trustee); *Noggle v. Bank of Am.*, 82 Cal. Rptr. 2d 829, 834 (Cal. Ct. App. 1999) ("[S]ection 16460 obligates a beneficiary to act within three years after receipt of information sufficient to permit discovery of a claim . . . ."). Hopkins's intentional infliction of emotional distress (IIED) claim is also untimely because the alleged distress he suffered occurred outside the two-year limitations period. *See* Cal. Civ. Proc. Code § 335.1 (setting forth a two-year statute of limitations for personal injury claims); *Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, 234 Cal. Rptr. 3d 712, 732 (Cal. Ct. App. 2018) (stating that the statute of limitations for an IIED claim begins to run "once the plaintiff

2	25-5905

suffers severe emotional distress as a result of [the defendant's] outrageous conduct" (citation omitted)).

2.     The district court did not abuse its discretion in denying Hopkins's motion for reconsideration. Hopkins merely restated arguments he previously raised in his summary judgment briefing and thus failed to demonstrate any grounds for reconsideration. *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam) ("A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (citation modified)); C.D. Cal. R. 7-18 (providing that a motion for reconsideration may be made only on the grounds of "a material difference in fact or law . . . that, in the exercise of reasonable diligence, could not have been known," "the emergence of new material facts or a change of law," or "a manifest showing of a failure to consider material facts").

**AFFIRMED**.